13-1755-cr
*United States v. El-Hage*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of January, two thousand fifteen.

PRESENT:  RALPH K. WINTER,
          JOSÉ A. CABRANES,
                    *Circuit Judges.*[*]

UNITED STATES OF AMERICA,

   *Appellee*,

    v.                                                                No. 13-1755-cr

WADIH EL HAGE, AKA ABDUS SABBUR,

   *Defendant-Appellant*,

FAZUL ABDULLAH MOHAMMED, AKA HARUN FAZHI,
AKA FAZHL ABDULLAH, AKA FAZHL KHAN, ET AL.,

   *Defendants.*

---

[*] The Honorable Reena Raggi, originally a member of the panel sitting on January 16, 2015, recused herself from consideration of this matter. The remaining members of this panel, who are in agreement, have decided this case pursuant to 2d Cir. R § 0.14(b).

**FOR DEFENDANT-APPELLANT:**        Julia Pamela Heit, New York, NY.

**FOR APPELLEE:**        Michael Alexander Levy, Sean Stephen Buckley, Aimee Hector, Karl N. Metzner, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney, Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-appellant Wadih El-Hage ("El-Hage") appeals from the District Court's April 23, 2013 judgment re-sentencing him, *inter alia*, to life imprisonment after his convictions on multiple conspiracy and false statement charges associated with the 1998 terrorist bombings of the United States Embassies in Kenya and Tanzania.

## BACKGROUND

On May 29, 2001, a jury convicted El-Hage of three terrorism-related conspiracies: (1) to murder United States nationals (18 U.S.C. § 2332(b)) (Count One); (2) to murder United States officers and employees (*id.* §§ 1114, 1116, 1117) (Count Three); and (3) to damage or destroy United States property (*id.* § 844(n)) (Count Five). The jury also convicted El-Hage of multiple counts of providing false statements to a federal grand jury regarding his knowledge of and association with al Qaeda and its leaders and members (*id.* § 1623) (Counts 287–289, 291–305). On October 17, 2001, the District Court (Leonard B. Sand, *Judge*) sentenced El-Hage to life imprisonment on Counts One and Three, twenty years' imprisonment on Count Five, and five years' imprisonment on each of the false statement counts, with all sentences to run concurrently. El-Hage was also ordered to pay $33,816,561.75 in restitution.

On direct appeal, we affirmed Judge Sand's legal and factual findings in imposing the above sentence. *See In re Terrorist Bombings of U.S. Embassies in East Africa*, 552 F.3d 93, 151 (2d Cir. 2009) ("[W]e reject all of El-Hage's challenges to the District Court's calculation of his Guidelines range."). However, because Judge Sand imposed sentence pursuant to a "mandatory application of the Guidelines," we remanded the case "for resentencing pursuant to *United States v. Fagans*, 406 F.3d 138 (2d Cir. 2005)."[1] *Id.* On April 23, 2013, Judge Kaplan conducted a plenary sentencing hearing

---

[1] In *Fagans*, the District Court also treated the Guidelines as mandatory in sentencing a criminal defendant. Subsequently, the Supreme Court eliminated the requirement that the Guidelines be applied in a compulsory manner in *United States v. Booker*, 543 U.S. 220 (2005). Because the defendant in *Fagans* had preserved his objection to the District Court's mandatory application of the Guidelines, we remanded to the District Court "with instructions to vacate the sentence and resentence in conformity with *Booker*." 406 F.3d at 142.

and sentenced El-Hage to the same terms of imprisonment as were imposed by Judge Sand in 2001. El-Hage timely appealed his sentence.

**DISCUSSION**

We review criminal sentences for "reasonableness" under a deferential abuse-of-discretion standard. *United States v. Cavera*, 550 F.3d 180, 188 (2d Cir. 2008) (en banc). A sentence is *procedurally* unreasonable if the district court "fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013) (internal quotation marks omitted). A sentence is *substantively* unreasonable "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted); *see generally United States v. Park*, 758 F.3d 193, 199–201 (2d Cir. 2014). The substantive reasonableness standard "provide[s] a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

Upon our review of the record, we conclude that the District Court's was procedurally reasonable in sentencing El-Hage. First, we reject El-Hage's argument that the District Court failed to consider "the harsh nature" of his incarceration in ADX Florence for the past 16 years. In fact, the record amply reflects that Judge Kaplan fully *considered* El-Hage's arguments regarding his confinement—he simply declined to impose a lower sentence on this basis. Moreover, the District Court did not err in placing El-Hage in criminal history category VI for Guidelines purposes, because § 3A1.4(b) of the Guidelines plainly requires doing so for any defendant who is convicted of "a felony that involved . . . a federal crime of terrorism."[2] Finally, we reject El-Hage's claim that a lower sentence is required to avoid unwarranted sentencing disparities in comparison with his purportedly more culpable co-defendants. In a passage that is worth quoting in full, Judge Kaplan specifically addressed this claim during El-Hage's sentencing hearing:

> A lot has been made here by defense counsel on the subject of relative culpability. Judge Sand had something to say about this, too, and I quote from the sentencing minutes of the first sentencing: "Do you want me to find that El-Hage is the least culpable of the four defendants? I would not make such a finding. Do not press me on whether I think he is the most culpable of the four. The notion that the

---

[2] El-Hage asserts that the application of § 3A1.4(b) to this case constitutes procedural error because he was placed into criminal history category VI despite not having any prior criminal convictions. However, because we expressly upheld the lawfulness of § 3A1.4(b) in *United States v. Meskini*, 319 F.3d 88 (2d Cir. 2003), this argument is unavailing. *See id.* at 92 ("Considering the serious dangers posed by all forms of terrorism, the Guidelines are in no way irrational in setting the default for criminal history at a very high level, with downward departures permitted in exceptional cases.").

3

facilitator, to use a term which I believe was first used in the government's summation and has been repeated in the papers, to suggest that the facilitator is less culpable than the low-level individual who ground up the explosive powder is not a set of values that I would subscribe to. Facilitator of what? Facilitator of the conspiracy to kill Americans." That's what you were.

App'x 468 (quoting App'x 381–83). We therefore conclude that the District Court: (1) correctly calculated El-Hage's Sentencing Guidelines range; (2) properly considered the factors set forth in § 3553(a); and (3) adequately explained its chosen sentence. Accordingly, the sentence imposed by the District Court was procedurally reasonable.

We also conclude that a sentence of life imprisonment was substantively reasonable. Again, it is worth quoting from Judge Kaplan's remarks at El-Hage's sentencing hearing:

Mr. El-Hage, the crimes of which you were convicted were heinous. The jury found that you were a knowing and willing member of conspiracies to kill Americans. Regardless of whether you were personally involved in the actual killing and regardless of whether you knew specific targets, the al Qaeda goals that were achieved when the embassies in Nairobi and Dar es Salaam were blown up, with catastrophic loss of life and injuries totaling thousands of people, were goals to which you subscribed and the accomplishment of which you furthered.

App'x 465. Considering these circumstances, the life sentence imposed by the District Court was well within the "range of permissible decisions." *Park*, 758 F.3d at 200; *Cavera*, 550 F.3d at 189. Therefore, the sentence imposed on El-Hage was substantively reasonable.

## CONCLUSION

We have considered all of the arguments raised by El-Hage on appeal and find them to be without merit. For the reasons stated above, the April 23, 2013 judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court