11-3295-cr
*United States v. Samuel*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand fifteen.

PRESENT:   José A. Cabranes,
           Reena Raggi,
           Denny Chin,
                   *Circuit Judges.*

———————————————————————

United States of America,

            *Appellee*,                                    No. 11-3295-cr

                v.

Analdo Samuel, AKA Eddie Hernandez,
AKA Adonis,

            *Defendant-Appellant.*

———————————————————————

**FOR DEFENDANT-APPELLANT:**         Bruce R. Bryan, Syracuse, NY.

**FOR APPELLEE:**                    David C. James, Daniel A. Spector, Assistant
                                     United States Attorneys, *for* Kelly T. Currie,
                                     Acting United States Attorney, Eastern
                                     District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-appellant Analdo Samuel appeals from an amended judgment of conviction entered by the District Court on January 19, 2012.

## BACKGROUND

On January 19, 2012, Samuel was convicted, pursuant to a guilty plea, of one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 ("Count One"); one count of wire fraud, in violation of 18 U.S.C. § 1343 ("Count Two"); and two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A ("Count Three" and "Count Four"). He was sentenced principally to 119 months' imprisonment—71 months' imprisonment each on Counts One and Two, to run concurrently with each other, and 24 months' imprisonment each on Counts Three and Four, to run consecutively to the sentences on Counts One and Two and consecutively to each other.

Samuel's charges stemmed from two separate fraud schemes. First, in August 2005, Samuel stole approximately $900,000 in home equity loans, which were drawn on properties owned by Carlos Hernandez without Mr. Hernandez's knowledge or consent. Second, in December 2005, Samuel stole approximately $300,000 by selling a property owned by Syntyche Thompson without Mr. Thompson's knowledge or consent. Samuel arranged to have proceeds of these schemes either wire transferred to an account in Switzerland or disbursed as checks payable to his co-conspirators. When Samuel was arrested on September 22, 2008, federal agents also discovered that Samuel possessed two false identification documents in the name "George Anthony Rogers."

Samuel timely appealed the sentence, arguing, *inter alia*, that the District Court failed to explain its reasons for the sentence imposed. The Government agreed that the record was inadequate and moved to remand the case to the District Court. We granted the Government's motion. On October 17, 2014, the District Court held a hearing, in which it explained its reasons for sentencing Samuel to 119 months' imprisonment. That same day, the District Court also issued a written memorandum setting forth its reasons in greater detail. Samuel timely renewed his appeal, asserting, *inter alia*, that his sentence was not procedurally or substantively reasonable.[1]

---

[1] In his supplemental *pro se* brief, Samuel raises three additional claims, all of which lack merit. First, even if true, it is irrelevant that one of the lenders defrauded by Samuel allegedly committed violations of federal law unrelated to Samuel's charges. Second, the claim that the Government improperly sought to introduce evidence that Samuel was involved in a 2006 London kidnapping is meritless, because the Government disclosed its intention to seek an enhanced sentence based upon the kidnapping at Samuel's guilty plea, and because the District Court, in any case, declined to enhance Samuel's sentence based upon this alleged conduct. Third, the claim that the Government withheld "exculpatory and impeachment evidence" within the meaning of *Brady v.*

**DISCUSSION**

We review criminal sentences for "reasonableness" under a deferential abuse-of-discretion standard. *United States v. Cavera*, 550 F.3d 180, 187-88 (2d Cir. 2008) (en banc). A sentence is *procedurally* unreasonable if the district court "fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013) (internal quotation marks omitted). A sentence is *substantively* unreasonable "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted); *see generally United States v. Park*, 758 F.3d 193, 199-202 (2d Cir. 2014). The substantive reasonableness standard "provide[s] a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

Upon our review of the record, we conclude that the District Court's sentence was both procedurally and substantively reasonable.

First, the sentence was procedurally reasonable. The District Court correctly calculated Samuel's Sentencing Guidelines range, properly considered the factors set forth in § 3553(a) and, on remand, adequately explained its chosen sentence. To the extent that Samuel seeks now to renew his previous claim that the District Court failed to explain its reasons for imposing sentence, that claim is now meritless. Upon remand, the District Court adequately explained its reasons both on the record and in its 16-page written memorandum.

Additionally, we reject Samuel's argument that the District Court abused its discretion by imposing a consecutive sentence for Count Four. The offense of aggravated identity theft requires a sentence of 24 months, which must run consecutively to any other term of imprisonment imposed, except when one of the other terms of imprisonment is for another offense of aggravated identity theft. *See* 18 U.S.C. § 1028A(a)(1) and (b). Therefore, the District Court had the discretion to impose either a concurrent or a consecutive sentence on Count Four, which was Samuel's second identity theft offense. *Id.* In making its decision, the District Court properly considered the applicable Guidelines and policy statement, which states the following:

> Section 1028A of title 18, United States Code, generally requires that the mandatory term of imprisonment for a violation of such section be imposed consecutively to any other term of imprisonment. However, 18 U.S.C. § 1028A(b)(4) permits the

---

*Maryland*, 373 U.S. 83 (1963), is meritless because Samuel's allegation that his victims also engaged in fraudulent conduct was not *exculpatory* as to him.

court, in its discretion, to impose the mandatory term of imprisonment on a defendant for a violation of such section "concurrently, in whole or in part, only with another term of imprisonment that is imposed by the court at the same time on that person for an additional violation of this section, provided that such discretion shall be exercised in accordance with any applicable guidelines and policy statements issued by the Sentencing Commission . . . ."

In determining whether multiple counts of 18 U.S.C. § 1028A should run concurrently with, or consecutively to, each other, the court should consider the following non-exhaustive list of factors:

(i) The nature and seriousness of the underlying offenses. For example, the court should consider the appropriateness of imposing consecutive, or partially consecutive, terms of imprisonment for multiple counts of 18 U.S.C. § 1028A in a case in which an underlying offense for one of the 18 U.S.C. § 1028A offenses is a crime of violence or an offense enumerated in 18 U.S.C. § 2332b(g)(5)(B).

(ii) Whether the underlying offenses are groupable under § 3D1.2 (Groups of Closely Related Counts). Generally, multiple counts of 18 U.S.C. § 1028A should run concurrently with one another in cases in which the underlying offenses are groupable under § 3D1.2.

(iii) Whether the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2) are better achieved by imposing a concurrent or a consecutive sentence for multiple counts of 18 U.S.C. § 1028A.

U.S.S.G. § 5G1.2 cmt. n.2(B).

We conclude that the District Court did not abuse its discretion in deciding that the first and third factors above favored consecutive sentences for Samuel's two counts of identity theft. Although the two offenses were "groupable" under U.S.S.G. § 3D1.2, they were separate fraudulent transactions that targeted different victims who suffered distinct harms. Therefore, the District Court's conclusion that the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2) were better achieved by imposing consecutive sentences was not an abuse of discretion.

Finally, Samuel's sentence of 119 months' imprisonment was substantively reasonable, because it was not shockingly high or otherwise unsupportable as a matter of law. The calculated Sentencing Guidelines' range for Samuel's convictions on Counts One and Two was 57 to 71 months. In addition, Samuel faced a sentence of 24 months each for Counts Three and Four. In sentencing Samuel to 119 months' imprisonment, the District Court chose to give Samuel a sentence at the top of the Guidelines for Counts One and Two, and to give him consecutive sentences of 24

months' imprisonment each for Counts Three and Four. Samuel was convicted of serious crimes, and the District Court received testimony as to the serious harms suffered by Samuel's victims. Considering these circumstances, the sentence imposed was within the "range of permissible decisions." *Park*, 758 F.3d at 200; *Cavera*, 550 F.3d at 189 (internal quotation marks omitted).

## **CONCLUSION**

We have considered all of the arguments raised by Samuel on appeal and find them to be without merit. For the reasons stated above, the January 19, 2012 judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

5