12-3120-cr
*United States v. Chu*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term, 2012

(Submitted On: May 6, 2013)                    Decided: May 7, 2013)

Docket No. 12-3120-cr

———————————————————————————

UNITED STATES OF AMERICA,

*Appellee*,

v.

ROBERT CHU,

*Defendant-Appellant.*

———————————————————————————

Before: CABRANES, WESLEY, and WALLACE,[1] *Circuit Judges.*

The central issue raised in this appeal is whether the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*) erred in concluding that defendant-appellant Robert Chu was not entitled to a sentence reduction for acceptance of responsibility pursuant to United States Sentencing Guidelines § 3E1.1. Although Chu pleaded guilty to his drug conspiracy charge in a timely fashion, he also attempted to smuggle drugs into a detention center after his plea but before his sentencing. Such conduct is inconsistent with accepting responsibility,

---

[1] The Honorable J. Clifford Wallace, of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

and the District Court was therefore well within its discretion in denying Chu a reduction in his sentence on that basis. We also conclude that Chu's sentence is otherwise procedurally and substantively reasonable.

Affirmed.

Alice L. Fontier, Dratel & Mysliwiec, P.C., New York, NY, *for Robert Chu.*

Matthew L. Schwartz, Brent S. Wible, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney, United States Attorney's Office for the Southern District of New York, New York, NY, *for the United States of America.*

PER CURIAM:

The central issue raised in this appeal is whether the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*) erred in concluding that defendant-appellant Robert Chu was not entitled to a sentence reduction for acceptance of responsibility pursuant to United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") § 3E1.1.[2] Although Chu pleaded guilty to his drug conspiracy charge in a timely fashion, he also attempted to smuggle drugs into a detention center after his plea but prior to his sentencing. Such conduct is inconsistent

---

[2] Guidelines § 3E1.1 provides:

> (a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.
>
> (b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

U.S.S.G. § 3E1.1 (emphasis omitted).

2

with accepting responsibility, and the District Court was therefore well within its discretion in denying Chu a reduction in his sentence on that basis. We also conclude that Chu's sentence is otherwise procedurally and substantively reasonable. Accordingly, we affirm the judgment of the District Court.

## BACKGROUND

Chu's criminal conduct involved selling various drugs to a confidential source ("CS") working with the Drug Enforcement Administration during 2010-2011. In particular, the CS obtained drugs—including ecstasy, heroin, marijuana, and ketamine—from Chu. Chu also discussed being able to supply the CS with powder and crack cocaine and boasted that he was so busy selling drugs that he did not even have time to package his heroin into "baggies" for sale to his customers. Indeed, according to Chu, his cocaine was of such high quality that he should be considered a "chef" for the way he cooked it into crack. In addition to Chu's sale of drugs to the CS, law enforcement officers also observed Chu selling drugs to other individuals during this period.

On September 26, 2011, the CS arranged to purchase 20 grams of heroin from Chu. While Chu was en route to meet the CS, law enforcement officers arrested him and discovered the 20 grams of heroin he had planned to sell the CS, as well as additional quantities of heroin, crack cocaine, powder cocaine, oxycodone, clonazepam, and marijuana. Law enforcement officials also searched Chu's residence the same day and discovered even more drugs. Chu was indicted on October 26, 2011 for conspiring to distribute various controlled substances, including heroin, crack cocaine, ecstasy, ketamine, and marijuana, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B)-(D), and 846. On March 14, 2012, pursuant to a plea agreement with the government, Chu pleaded guilty to a lesser-included offense.[3]

---

[3] The indictment charged Chu with conspiring to distribute at least 100 grams of heroin, at least 28 grams of crack cocaine, and other drug quantities, and exposed him to a five-year mandatory minimum. The plea agreement allowed

3

Both before and after pleading guilty, Chu was detained at the Metropolitan Detention Center ("MDC"). Throughout this time, he attempted to smuggle drugs into the MDC. This conduct is corroborated by emails and phone conversations between Chu and other individuals, and defense counsel did not contest this factual record at Chu's sentencing hearing.[4] *See* Joint App'x 12-13. Chu's efforts to smuggle drugs into the MDC were persistent and continued after he pleaded guilty.

Chu's sentencing hearing took place on July 19, 2012. During the sentencing hearing, the District Court determined that Chu was not entitled to a two-level reduction in his total offense level for acceptance of responsibility because of his post-plea conduct—namely, his incessant attempts to smuggle drugs into the MDC. *See id.* at 13-14.

After refusing to award Chu a reduction for acceptance of responsibility, the District Court calculated his Guidelines range based on the 60 grams of heroin seized from Chu and his apartment; Chu claimed responsibility for this amount in his plea agreement.[5] Next, the District Court addressed, as it was required to do, the factors listed in 18 U.S.C. § 3553(a), a statute which, *inter alia*, requires a court to consider "the nature and circumstances of the offense" in selecting a sentence.[6]

---

Chu to plead guilty to smaller quantities of heroin, crack cocaine, and other drugs—such that he did not face the five-year mandatory minimum.

[4] For one reason or another, Chu's schemes all seem to have involved hiding drugs in potato chip bags.

[5] The applicable Guidelines range was 87 to 108 months' imprisonment based on Chu's total offense level of 28 and his Criminal History Category of II.

[6] In relevant part, 18 U.S.C. § 3553 provides:

> **(a) Factors to be considered in imposing a sentence.**—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
> > **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
> >
> > **(2)** the need for the sentence imposed—

4

At this point, the District Court took into consideration Chu's total drug activity beyond the drug amounts listed in his plea agreement. Specifically, based on a statement by Chu contained in the Presentence Report—in which he told the CS that he had sold approximately 100 grams of heroin every other week for at least a year—the District Court concluded that Chu was responsible for selling approximately 2.5 kilograms of heroin. *See* Joint App'x 22-23. Based on this finding, the District Court characterized Chu as a "serious drug dealer," *id.* at 28, and sentenced him, *inter alia*, to a term of 87 months' imprisonment (which was at the bottom of his Guidelines range).

On appeal, Chu argues that his sentence is procedurally and substantively unreasonable. In particular, he argues that the District Court erred by (1) refusing to give him a sentence reduction based on his alleged acceptance of responsibility, (2) holding him responsible for distributing 2.5 kilograms of heroin, (3) imposing a substantively unreasonable sentence.

## DISCUSSION

Criminal sentences are generally reviewed for reasonableness, which "requires an examination of the length of the sentence (substantive reasonableness) as well as the procedure

---

**(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

**(B)** to afford adequate deterrence to criminal conduct;

**(C)** to protect the public from further crimes of the defendant; and

**(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

**(3)** the kinds of sentences available;

**(4)** the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;

**(5)** any pertinent policy statement . . . issued by the Sentencing Commission . . . ;

**(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

**(7)** the need to provide restitution to any victims of the offense.

5

employed in arriving at the sentence (procedural reasonableness)." *United States v. Johnson*, 567 F.3d 40, 51 (2d Cir. 2009). A district court errs procedurally when "it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Robinson*, 702 F.3d 22, 38 (2d Cir. 2012) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). A district court errs substantively if its sentence "cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted). In reviewing the substantive reasonableness of a sentence, "we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *Id.* at 190.

In other words, our review of a criminal sentence "amounts to review for abuse of discretion." *Id.* at 187; *see also In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (noting that a district court is said to abuse its discretion if it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions." (internal citation and quotation marks omitted)).

## A.

Chu's first—and central—argument is that the District Court erred procedurally in its Guidelines calculation by refusing to give him a sentence reduction for acceptance of responsibility. Chu contends that he is entitled to this reduction because he pleaded guilty to the charged drug offense in a timely fashion and did not deny his criminal conduct. We disagree. "A defendant who enters a guilty plea is not entitled to an adjustment [for acceptance of responsibility] as a matter of right." U.S.S.G. § 3E1.1, cmt. n.3. Rather, the defendant bears the burden of demonstrating that he qualifies for such a reduction. *See United States v. Broxmeyer*, 699 F.3d 265, 284 (2d Cir. 2012); *see also*

6

U.S.S.G. § 3E1.1, cmt. n.3 (noting that evidence of acceptance of responsibility "may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility"). Chu attempts to meet this burden by arguing that he: (1) only attempted, without success, to smuggle drugs into the MDC; and (2) is addicted to drugs and was forced to quit immediately without medical assistance.[7] Neither argument is persuasive.

First, attempting to smuggle drugs into the MDC shows the same "lack of sincere remorse," *see United States v. Defeo*, 36 F.3d 272, 277 (2d Cir. 1994) (quotation marks omitted), as successfully smuggling drugs into the MDC, *cf. United States v. Desposito*, 704 F.3d 221, 230 (2d Cir. 2013) (noting that an attempt requires intent to commit the object crime). Indeed, other courts have upheld the denial of a sentence reduction for acceptance of responsibility where a defendant attempted to smuggle drugs into a prison after being convicted of a drug-related crime. *See United States v. Lagasse*, 87 F.3d 18, 25 (1st Cir. 1996) ("[T]he court could reasonably conclude here that Lagasse's involvement in the attempted smuggling of drugs into the prison was inconsistent with his claimed remorse, thus negating the applicability of the adjustment."); *see also United States v. Diaz-Resendez*, 263 F. App'x 425, 427 (5th Cir. 2008) (non-precedential summary order) ("Diaz-Resendez's efforts to have cocaine smuggled into prison were inconsistent with acceptance of responsibility and revealed that he had not voluntarily withdrawn from criminal conduct.").

Although we have not explicitly adopted this position, we have suggested that a defendant's attempt to commit a crime before being sentenced is just as inconsistent with accepting responsibility as succeeding in committing the crime. *See Defeo*, 36 F.3d at 277 ("The district court's refusal to grant Defeo such credit was amply supported not only by her 11th hour plea of guilty, but

---

[7] In making this argument, Chu concedes that a sentencing judge "has discretion to deny acceptance points for new criminal conduct, including smuggling drugs into a facility." Appellant's Br. 9 (citing *United States v. Olvera*, 954 F.2d 788, 793 (2d Cir. 1992)); *see also United States v. Rodriguez*, 928 F.2d 65, 67 (2d Cir. 1991) ("As several courts have ruled, the fact that a defendant commits a second crime after pleading guilty and while awaiting sentencing for a first offense is a relevant consideration in denying the acceptance of responsibility adjustment in selecting the sentence for that first offense.").

also by her failure to report to pretrial services, her continued use and possession of heroin, and *her attempt* to pass off another person's urine as her own in order to avoid detection of her continued use of heroin.") (emphasis supplied). And today, we hold that a defendant's attempt to smuggle drugs into a detention center after pleading guilty to a drug-related offense can serve as a sufficient basis for a District Court to deny a sentence reduction for acceptance of responsibility. Accordingly, the District Court was well within its discretion to deny Chu a sentence reduction for acceptance of responsibility based on his post-conviction conduct. *See United States v. Nouri*, 711 F.3d 129, 146 (2d Cir. 2013) (noting that we generally defer to a district court's determination of whether a defendant is entitled to credit for acceptance of responsibility).

Second, our holding in *Olvera v. United States*, 954 F.2d 788 (2d Cir. 1992), forecloses Chu's argument that he should not be denied acceptance-of-responsibility credit on account of his addiction to drugs. *See id.* at 793 (affirming the denial of acceptance of responsibility credit where defendant "contend[ed] that the small amount of marijuana that he smuggled suggests that he intended to use it only for personal use for his marijuana addiction").

**B.**

Chu's next argument is that the District Court erred by holding him responsible for approximately 2.5 kilograms of heroin without conducting an evidentiary hearing. The record provides no support for Chu's contention.

Chu is correct that the drug-amount calculation in the plea agreement and the Presentence Report included only approximately 60 grams of heroin and various amounts of other controlled substances. But these amounts did not include all of Chu's drug activity; instead, these drug amounts only included drugs (1) sold to the CS, (2) seized from one of Chu's customers immediately after a sale, and (3) seized from Chu during his arrest. Joint App'x 23. Beyond these 60 grams of heroin, the Presentence Report also referred to a recorded conversation, in which Chu stated that he

8

had sold approximately 100 grams of heroin every two weeks for a year. *Id.* at 22-23. The District Court estimated that this activity totaled approximately 2.5 kilograms of heroin. *Id.*

This recorded statement by Chu constitutes relevant conduct that the District Court was entitled to consider during sentencing. *See, e.g., United States v. Garcia*, 413 F.3d 201, 220 n.15 (2d Cir. 2005) (noting that "[j]udicial authority to find facts relevant to sentencing by a preponderance of the evidence survives *Booker*"); *cf. United States v. McLean*, 287 F.3d 127, 133 (2d Cir. 2002) ("As long as the sentence imposed is not greater than the maximum penalty authorized by statute for the offense charged and (in cases involving a guilty plea) allocuted to by the defendant, a district court may consider drug quantity in determining a defendant's relevant conduct for sentencing purposes pursuant to U.S.S.G. § 1B1.3(a), even if drug quantity has not been charged in the indictment as an element of the offense."). And, after reviewing the record, we conclude that the District Court's finding by a preponderance of the evidence that Chu was responsible for selling approximately 2.5 kilograms of heroin was not clearly erroneous. Accordingly, the District Court did not err procedurally by considering the 2.5 kilograms of heroin in selecting Chu's sentence. *See Robinson*, 702 F.3d at 38.

## C.

Finally, Chu argues that his sentence was substantively unreasonable. We disagree because this case is not one of those "exceptional cases" in which the imposition of a within-Guidelines sentence is substantively unreasonable. *See Cavera*, 550 F.3d at 189; *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006) ("We recognize that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances."). In light of the extent of Chu's drug activity—both in quantity and over time—as well as his efforts to smuggle drugs into the MDC, the District Court's 87-month sentence

9

at the bottom of the Guidelines range was not "shockingly high" or "otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

## CONCLUSION

To summarize:

(1)     An attempt to smuggle drugs into a detention center shows a lack of sincere remorse, whether or not the attempt is successful.  Accordingly, the District Court did not err procedurally by denying a sentence reduction for acceptance of responsibility on the basis of Chu's post-plea, pre-sentencing attempts to smuggle drugs into the Metropolitan Detention Center.

(2)     At sentencing, a district court may consider additional quantities of drugs sold, beyond the amount agreed to in the plea agreement, if it makes a finding as to those additional drug amounts by a preponderance of the evidence.  Accordingly, the District Court did not err procedurally in considering additional quantities of drugs that Chu said he sold.

(3)     The sentence imposed by the District Court in this case was not substantively unreasonable.

For the reasons stated, the July 19, 2012 judgment of conviction of the District Court is **AFFIRMED**.