13-253-cr
United States v. Paquin

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand fourteen.

PRESENT:  AMALYA L. KEARSE,
          REENA RAGGI,
                    *Circuit Judges*,
          EDWARD R. KORMAN,
                    *District Judge.*[*]

---------------------------------------------------------------------

UNITED STATES OF AMERICA,
                    *Appellee*,


            v.                                          No. 13-253-cr

WILLIAM PAQUIN,
                    *Defendant-Appellant.*
---------------------------------------------------------------------

FOR APPELLANT:                      Lisa Peebles, Federal Public Defender, Syracuse, New York, James P. Egan, Research & Writing Attorney, *for* Lisa Peebles, Federal Public Defender, Syracuse, New York.

---

[*] The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

1

FOR APPELLEE:                                   Carl G. Eurenius, Elizabeth S. Riker, Assistant
                                                United States Attorneys, *for* Richard S.
                                                Hartunian, United States Attorney for the
                                                Northern District of New York, Syracuse, New
                                                York.

Appeal from a judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 18, 2013, is AFFIRMED.

Defendant William Paquin was convicted in 2005 after trial of conspiracy to manufacture, possess with intent to distribute, and distribute methamphetamine in violation of 21 U.S.C. § 846, and possession of a listed chemical with intent to manufacture methamphetamine in violation of 21 U.S.C. § 841(c), for which he was sentenced to a total of 72 months' imprisonment and four years' supervised release. Paquin now appeals from a judgment finding him to have violated four conditions of his supervised release and imposing 6 months' imprisonment and 48 months' supervised release.[1] Specifically, Paquin contends that the supervised release term is procedurally and substantively unreasonable. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

---

[1] Paquin pleaded guilty to four grade C violations of supervision: (1) failure to report as directed, (2) drug use, (3) failure to comply with substance abuse treatment, and (4) alcohol use. Two of these violations had occurred after Paquin agreed to home confinement in lieu of formal revocation proceedings for earlier violations.

2

1.      Procedural Unreasonableness

Paquin submits that a 48-month term of supervised release is procedurally unreasonable because the district court did not explain its reasoning as required by 18 U.S.C. § 3553(c).   Section 3553(c) states that "[t]he court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence."   An explanation of reasons serves four important goals:   "(1) informing the defendant of the reasons for his sentence, (2) permitting meaningful appellate review, (3) enabling the public to learn why the defendant received a particular sentence, and (4) guiding probation officers and prison officials in developing a program to meet the defendant's needs." United States v. Villafuerte, 502 F.3d 204, 210 (2d Cir. 2007).   Where, as here, a judge decides to impose a Guidelines sentence, that decision "will not necessarily require lengthy explanation."   Rita v. United States, 551 U.S. 338, 356–57 (2007).

Because Paquin did not object in the district court to the alleged failure to state reasons for imposing sentence, we review only for plain error.   See United States v. Villafuerte, 502 F.3d at 211.   To establish plain error, a defendant must demonstrate (1) error (2) that is clear or obvious, (3) affected his substantial rights, and (4) seriously affected the fairness, integrity or public reputation of judicial proceedings.   See United States v. Marcus, 560 U.S. 258, 262 (2010); accord United States v. Ghailani, 733 F.3d 29, 52 (2d Cir. 2013).   Paquin's challenge fails at the first step of analysis.

The district court adequately explained its reasons for imposing sentence, citing Paquin's repeated violations throughout supervision and his methamphetamine use even

3

while on home detention. Insofar as Paquin claimed to have used methamphetamine to self-medicate his Attention Deficit and Hyperactivity Disorder, the district court hardly erred in according this self-serving explanation little weight given Paquin's failure to participate in ordered treatment. Further, although Paquin argued that his employment and procurement of child visitation rights was a sufficient deterrent to future violations, the district court explained that it would mitigate the prison term it originally intended to impose, but not to the point of a non-incarceratory sentence, given the "complete break" it had given Paquin the previous year for supervised release violations after which he again violated the conditions of his supervised release. These statements are sufficient to "satisfy us that [the district court] . . . considered the parties' arguments and . . . ha[d] a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (internal quotation marks and alteration omitted).

Insofar as Paquin urges otherwise, maintaining that the district court addressed only the incarceratory part of his sentence, and not the supervised release term that he now appeals, the record makes clear that the stated reasons informed the district court's decision regarding supervised release as well as incarceration. Indeed, the court cautioned Paquin that if he again violated the terms of his supervision, he would complete his sentence in prison.

2.      Substantive Reasonableness

Paquin argues that the 48-month term of supervised release is substantively unreasonable because the district court failed to accord mitigating weight to rehabilitation efforts and to reduce his supervised release term for prior home confinement and the imposed term of incarceration. "In reviewing the substantive reasonableness of a sentence, 'we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts.'" United States v. Chu, 714 F.3d 742, 746 (2d Cir. 2013) (quoting United States v. Cavera, 550 F.3d at 190). We will set aside a sentence on substantive grounds "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d at 189 (internal quotation marks omitted). That is not this case.

Although Paquin argues that the district court did not mitigate for time during which he complied with his supervision requirements or for factors suggesting increasing responsibility, we identify no substantive error in light of undisputed evidence that Paquin violated his supervised release in multiple ways and on multiple occasions. Indeed, the district court specifically referenced Paquin's breach of the court's trust in affording him a "break" from early violations by using methamphetamine while on home confinement. Further, the district court did, in fact, consider Paquin's mitigating arguments in imposing a lesser prison term than it had originally intended. Indeed, given that the probation office recommended a five-year term of supervision (less any term of imprisonment to be

5

imposed upon the revocation of supervised release) and the district court sentenced him to four years' supervision, it appears that the court may well have considered Paquin's time in home confinement and incarceration. In any event, the terms of incarceration and supervised release were not outside the range of permissible decisions so as to be substantively unreasonable. See id.; United States v. Jones, 531 F.3d 163, 174 (2d Cir. 2008).

We have considered Paquin's remaining arguments and reject them as without merit. Accordingly, the order of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6