13-3468-cr
*United States v. Carmona*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand fifteen.

PRESENT:  GUIDO CALABRESI,
JOSÉ A. CABRANES,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                 No. 13-3468-cr

EVELIO A. CARMONA,

*Defendant-Appellant.*

---

| | |
|---|---|
| **FOR EVELIO A. CARMONA:** | Lee A. Ginsberg, Freeman, Nooter & Ginsberg, New York, NY. |
| **FOR UNITED STATES OF AMERICA:** | Amy Busa, Tiana A. Demas, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Eric N. Vitaliano, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the cause is **REMANDED** for the limited purpose of allowing the District Court to determine the term of supervised release allowed under 18 U.S.C. § 3583(b)(1) and U.S.S.G. § 5D1.2(a)(1), adjust the sentence as it deems appropriate, and articulate the reasons for its sentence.

Defendant Evelio A. Carmona appeals from the District Court's September 10, 2013 judgment convicting him, after a guilty plea, of one count of being a felon in possession of a firearm after having been convicted of three prior violent felonies, in violation of 18 U.S.C. §§ 922(g) and 924(e)(1), and sentencing him principally to 180 months' imprisonment and five years' supervised release. Carmona challenges only the term of supervised release on appeal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review criminal sentences for "reasonableness" under a deferential abuse-of-discretion standard. *United States v. Cavera*, 550 F.3d 180, 187–88 (2d Cir. 2008) (en banc). A sentence is procedurally unreasonable if the district court "fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013) (internal quotation marks omitted).

Carmona argues, and the Government agrees, that the cause should be remanded for resentencing because the Presentence Investigation Report erroneously stated that five years is the *minimum* term of supervised release for Carmona's offense when, in fact, five years is the *maximum* term. *See* 18 U.S.C. § 3583(b)(1). Although not entirely clear from the record, it appears that the District Court relied on this erroneous statement of the law in sentencing Carmona. Accordingly, a limited remand is appropriate for the District Court to determine the term of supervised release allowed under 18 U.S.C. § 3583(b)(1) and U.S.S.G. § 5D1.2(a)(1), adjust the sentence as it deems appropriate, and articulate the reasons for its sentence.

## CONCLUSION

For the reasons stated above, we **REMAND** the cause for the limited purpose of allowing the District Court to determine the term of supervised release allowed under 18 U.S.C. § 3583(b)(1) and U.S.S.G. § 5D1.2(a)(1), adjust the sentence as it deems appropriate, and articulate the reasons for its sentence.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2