14-4310-cr
United States v. Burgos

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of December, two thousand fifteen.

PRESENT: REENA RAGGI,
RICHARD C. WESLEY,
CHRISTOPHER F. DRONEY,
        *Circuit Judges*.

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
        *Appellee*,

v.                                                      No. 14-4310-cr

TOMAS BURGOS, JR., AKA Tomas Burgos Bey,
        *Defendant-Appellant*.

------------------------------------------------------------------------

FOR APPELLANT:                  Brendan White, White & White, New York, New York.

FOR APPELLEE:                   Steven D. Clymer, Assistant United States Attorney (Geoffrey J.L. Brown, Assistant United States Attorney, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

1

Appeal from a judgment of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 10, 2014, is AFFIRMED.

Defendant Tomas Burgos, Jr., stands convicted after a guilty plea of causing a false tax refund claim to be made against the United States. See 18 U.S.C. §§ 2, 287. Sentenced to a low-end Guidelines term of 37 months' imprisonment, Burgos argues that it was procedurally and substantively unreasonable for the district court to deny him a non-Guidelines sentence in recognition of the difference between his intended loss of more than a million dollars and actual loss of approximately $90,000.[1] We apply "a particularly deferential form of abuse-of-discretion review" to such claims. United States v. Cavera, 550 F.3d 180, 187–88 & n.5 (2d Cir. 2008) (en banc); accord United States v. Broxmeyer, 699 F.3d 265, 278 (2d Cir. 2012). In doing so, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1. Procedural Challenge

A sentence is procedurally unreasonable if the district court "fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines

---

[1] Burgos asserts actual loss of less than $50,000. See Def.'s Br. at 4, 6, 7, 17. This, however, excludes more than $40,000 that the IRS had deducted from Burgos's tax refund to offset outstanding income tax debt, as well as child and spousal support obligations, the latter of which could not be recovered at the time the IRS dishonored the refund. We need not pursue the actual loss calculation further because we affirm, in any event, the district court's reliance on intended loss in imposing Burgos's sentence.

2

as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." United States v. Chu, 714 F.3d 742, 746 (2d Cir. 2013) (internal quotation marks omitted). No such errors are evident here.

Burgos does not dispute the district court's intended loss calculation, which triggered a 16-point enhancement to his base offense level of 6. See U.S.S.G. § 2B1.1(a), (b) (2014). Nor does he challenge the calculation of his Guidelines range. Instead, he argues, as he did below, that because the IRS had detected his fraud by 2009, there was "never a reasonable possibility" that it would have paid any of his subsequent false refund claims. Def.'s Br. at 10. Thus, Burgos maintains, reliance on intended loss "greatly overstated" his criminal culpability and "necessarily created a significant and unwarranted disparity" between himself and a hypothetical defendant who actually caused such loss. Id. at 10–11. These circumstances do not manifest procedural error.

First, the refusal to impose a non-Guidelines sentence is not reviewable as procedural error absent record ambiguity as to the district court's understanding of its variance discretion. See United States v. Keller, 539 F.3d 97, 101–02 (2d Cir. 2008). Such ambiguity is not evident here, where the district court acknowledged Burgos's request for a non-Guidelines sentence and the "logic" behind the argument. D.A. 78.

Burgos nevertheless faults the court for failing to make any findings as to his argument and seeming not to consider it in imposing his sentence. This argument is belied by the record, which shows that the district court considered Burgos's argument but identified and gave more weight to other factors—less favorable to

3

Burgos—suggesting a failure to accept responsibility for his conduct despite receipt of U.S.S.G. § 3E1.1(a) consideration. Insofar as Burgos disagrees with the weight the court afforded competing factors, he fails to demonstrate any abuse of the broad discretion accorded sentencing judges in that respect. See United States v. Fernandez, 443 F.3d 19, 32 (2d Cir. 2006) (recognizing that weight to be afforded sentencing factors is "matter firmly committed to the discretion of the sentencing judge" and generally beyond appellate review).

The same conclusion obtains as to Burgos's complaint about the court's consideration of the sentencing factors in 18 U.S.C. § 3553(a), including § 3553(a)(6) (requiring consideration of "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"). "[W]e presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged [his] duty to consider the statutory factors," and "we will not conclude that a district judge shirked [his] obligation . . . simply because [he] did not discuss each one individually or did not expressly parse or address every argument relating to those factors that the defendant advanced." United States v. Fernandez, 443 F.3d at 30. Thus, Burgos's argument that the court was required to make any particular "finding" is meritless. In any event, the record reflects the court's careful consideration and rejection of this claim, which it construed "as a motion for a nonguideline sentence." D.A. 73; see also id. at 78–80.

Accordingly, we identify no procedural error in the challenged sentence.

4

2.    Substantive Challenge

A sentence is substantively unreasonable only if it "cannot be located within the range of permissible decisions" available to a sentencing court, United States v. Cavera, 550 F.3d at 189 (internal quotation marks omitted), which is to say, when the sentence is so "shockingly high, shockingly low, or otherwise unsupportable as a matter of law" that allowing it to stand would "damage the administration of justice," United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009).   A within-Guidelines sentence will rarely raise such concerns.   See United States v. Fernandez, 443 F.3d at 27 (recognizing that in "overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances"); accord United States v. Jones, 531 F.3d 163, 178 (2d Cir. 2008).

Burgos's substantive challenge to his low-end Guidelines prison sentence of 37 months relies on the same intended loss and disparity arguments supporting his procedural challenge.   They are equally meritless here.   The record reflects that Burgos persistently engaged in tax fraud between December 2008 and April 2011 by filing numerous returns falsely claiming to be owed refunds in excess of $1 million, receiving refunds of approximately $200,000, and causing an actual loss of approximately $90,000. In addition to the loss he intended to cause, Burgos's culpability was aggravated further by his demonstrated lack of remorse, specifically noted at sentencing by the district court, although it did not withdraw the recommended favorable Guidelines adjustment for acceptance of responsibility.   In these circumstances, Burgos cannot demonstrate that a

5

37-month sentence was so shockingly high as to be substantively unreasonable. <u>See</u>

<u>United States v. Rigas</u>, 583 F.3d at 123.

3.    <u>Conclusion</u>

We have considered Burgos's remaining arguments, and we conclude that they are without merit.    Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court