15-677-cr
*United States v. Velasquez-Argueta*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of March, two thousand sixteen.

PRESENT:    JOSÉ A. CABRANES,
            BARRINGTON D. PARKER,
            DEBRA ANN LIVINGSTON,
                    *Circuit Judges.*

---

UNITED STATES OF AMERICA,

              *Appellee,*                          No. 15-677-cr

        v.

DIMAS VELASQUEZ-ARGUETA,

              *Defendant-Appellant.*

---

FOR DIMAS VELASQUEZ-ARGUETA:      Fonda Dawn Kubiak, Federal Public
                                  Defender's Office, Western District of
                                  New York, Buffalo, NY.

FOR UNITED STATES OF AMERICA:     Stephan J. Baczynski (Joseph J.
                                  Karaszewski, *on the brief*), Assistant United
                                  States Attorneys, *for* William J. Hochul, Jr.,
                                  United States Attorney for the Western
                                  District of New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-appellant Dimas Velasquez-Argueta ("Velasquez-Argueta"), a citizen of Honduras, pleaded guilty to one count of violating 8 U.S.C. § 1326(a) and (b)(2), arising from his reentry of the United States after having been deported subsequent to a conviction for committing an aggravated felony. Velasquez-Argueta was sentenced principally to 57 months' imprisonment. The District Court entered judgment against Velasquez-Argueta on February 27, 2015. This appeal followed.

The sole issue before us on appeal is whether the sentence imposed by the District Court is procedurally or substantively unreasonable. Velasquez-Argueta argues that his sentence is (1) procedurally unreasonable because the District Court failed to address or acknowledge his arguments in support of a lesser sentence and relied on clearly erroneous facts; and (2) substantively unreasonable because it is greater than necessary to serve the goals of sentencing. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. For the reasons set forth below, we reject Velasquez-Argueta's procedural- and substantive-reasonableness arguments as meritless.

"We review a sentence for procedural and substantive reasonableness under a deferential abuse-of-discretion standard." *United States v. Thavaraja*, 740 F.3d 253, 258 (2d Cir. 2014) (internal quotation marks omitted). A sentence is procedurally unreasonable if the district court "fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013) (internal quotation marks omitted). "We will set aside sentences as substantively unreasonable only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions" because the sentence is "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice." *Thavaraja*, 740 F.3d at 259 (internal quotation marks omitted).

First, we conclude that the District Court did not err procedurally when it imposed the 57-month sentence. We reject Velasquez-Argueta's argument that the District Court was required to specifically address his arguments in support of a downward departure during the sentencing hearing. "[W]e entertain a strong presumption that the sentencing judge has considered all arguments properly presented to [him], unless the record clearly suggests otherwise. This presumption is especially forceful when, as was the case here, the sentencing judge ma[de]

2

abundantly clear that [he] has read the relevant submissions and that [he] has considered the § 3553(a) factors." *United States v. Fernandez*, 443 F.3d 19, 29 (2d Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007); *see* App. 79, 83–84. Moreover, the record reveals that the District Court adequately explained its sentence. *See* App. 83–85.

We also reject Velasquez-Argueta's argument that the District Court based the sentence on clearly erroneous facts when it stated during sentencing that it "believe[d]" that Velasquez-Argueta "ha[d] been either removed or deported" six times. App. 84. According to the Presentence Investigation Report, Velasquez-Argueta had been removed or deported five times and ordered removed a sixth time, which order was not immediately executed because he was returned to state custody pursuant to a warrant for aggravated rape. Accordingly, the District Court's statement during the sentencing hearing, even if imprecise, does not demonstrate that the Court based Velasquez-Argueta's sentence on a clearly erroneous fact.

Second, having reviewed the record, we conclude, substantially for the reasons stated by the District Court during the sentencing hearing, that Velasquez-Argueta's sentence of 57 months' imprisonment is not substantively unreasonable. *See* App. 83–86.

## CONCLUSION

We have considered the defendant-appellant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the February 27, 2015 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3