15-231-cr
United States v. Xu

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of March, two thousand sixteen.

PRESENT: DENNIS JACOBS,
         PETER W. HALL,
                      Circuit Judges
         JANE A. RESTANI,[1]
                      Judge.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
         Appellee,

         -v.-                                    15-231-cr

XIAO FENG XU,
         Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:            NICHOLAS J. PINTO, New York, NY.

FOR APPELLEE:             BRIAN R. BLAIS (Diane Gujarati, on the brief), for Preet Bharara,

---

[1]    Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Stein, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Xiao Feng Xu appeals from the judgment of the United States District Court for the Southern District of New York (Stein, J.) convicting him of immigration fraud and conspiracy to commit immigration fraud. Xu was sentenced chiefly to 12 months' imprisonment. Xu challenges the reasonableness of his sentence. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.** We review a sentence for procedural reasonableness under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). That means a district court's application of the Sentencing Guidelines is reviewed de novo and its factual findings are reviewed for clear error. United States v. Cossey, 632 F.3d 82, 86 (2d Cir. 2011). A sentence is procedurally unreasonable if the district court "fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." United States v. Aldeen, 792 F.3d 247, 251 (2d Cir. 2015) (quoting United States v. Chu, 714 F.3d 742, 746 (2d Cir. 2013)). When a district court deviates from the Sentencing Guidelines range, "it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." Id. at 252 (internal quotation marks omitted).

Xu fails to establish that the district court committed any procedural error. Xu argues that the district court failed to adequately consider: his cooperation with the government, his early plea, his personal characteristics, and the need to avoid

2

unwarranted sentencing disparities.  To the contrary, the district court thoroughly addressed each of these factors.  Indeed, the district court found them sufficiently persuasive that it sentenced Xu to 12 months' imprisonment – far below the Guidelines range of 37 to 46 months' imprisonment.  Moreover, in imposing its sentence, the district court explicitly cited the § 3553(a) factors and the government's 5K1.1 letter disclosing Xu's substantial assistance.  Finally, the district court did not commit error by sentencing Xu to 12 months while Lin, his co-defendant, was sentenced to 4 months.  Unlike Lin, Xu devised and was the core of the fraudulent scheme.  Xu cannot make out a claim for procedural unreasonableness.

**2.**  Our review of the substantive reasonableness of a sentence is "particularly deferential": we will set aside sentences as substantively unreasonable "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions"; that is, where the sentence "shocks the conscience," "constitutes a manifest injustice," or "would damage the administration of justice."  <u>Aldeen</u>, 792 F.3d at 255 (internal brackets and quotation marks omitted).

The district court sentenced Xu to less than one third of the bottom of the applicable Guidelines range, despite Xu's fraudulent scheme lasting over six years and involving over 500 phony asylum applications.  True, Xu provided substantial and prompt assistance to the government, but the district court was well within its discretion to impose a sentence of 12 months' imprisonment, which amounts to less than one day per fraudulent application.

Accordingly, and finding no merit in Xu's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3