22-175-cr
*United States v. Marquise Pompey*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of January, two thousand twenty-three.

PRESENT:  PIERRE N. LEVAL,
JOSÉ A. CABRANES,
WILLIAM J. NARDINI,
            *Circuit Judges.*

UNITED STATES OF AMERICA,

                    *Appellee,*                         22-175-cr

            v.

MARQUISE POMPEY,

                    *Defendant-Appellant.*

| | |
|---|---|
| **FOR APPELLEE:** | Cyrus P. W. Rieck, Paul D. Silver, Assistant United States Attorneys, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Albany, NY. |
| **FOR DEFENDANT-APPELLANT:** | Arthur R. Frost, Frost & Kavanaugh, P.C., Troy, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Marquise Pompey appeals from a judgment of conviction, in which he was sentenced principally to concurrent 37-month terms of imprisonment on two counts of possessing with the intent to distribute controlled substances. On appeal, Pompey contends that the District Court's sentence was both procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.      Procedural Unreasonableness Challenge

We review Pompey's procedural unreasonableness claim under a "deferential abuse-of-discretion standard," *United States v. Singh*, 877 F.3d 107, 115 (2d Cir. 2017) (citation omitted), finding a procedurally unreasonable sentence only where the district court "fails to calculate (or improperly calculates) the [U.S.] Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence," *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013) (quoting *United States v. Robinson*, 702 F.3d 22, 38 (2d Cir. 2012)).

Upon review of Pompey's brief, we conclude that he has failed to raise any argument of procedural error. Pompey explains that he "was 16 years old when he was adjudicated a Youthful Offender" and that with "New York's current classification and sentencing scheme, it is highly unlikely that [he] would now be adjudicated a Youthful Offender at all." Def. Br. 8. Pompey notes that "[w]ithout those three points for [a] youthful offender adjudication, he would have two points for his criminal history, rendering him a Category II, not Category III, and his sentencing range under the USSG would be 33-41 months." Def. Br. 12. But Pompey clarifies that he "does not contend that the court below erred in assigning criminal history points to his Youthful Offender adjudication; rather, he contends that the court below accorded it greater than its deserved weight." Def. Br. 8. Thus, Pompey critiques only the relative weight placed by the District Court on the youthful offender adjudication, which is irrelevant for a procedural unreasonableness challenge, but could form the basis of a substantive unreasonableness attack on a sentence. *See United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012).

## II.      Substantive Unreasonableness Challenge

As with Pompey's procedural unreasonableness challenge, we review his substantive unreasonableness claim under a "deferential abuse-of-discretion standard." *Singh*, 877 F.3d at 115 (citation omitted). Under this standard, we vacate a sentence only in "exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *United States v. Rigas*, 490 F.3d 208, 238

(2d Cir. 2007)). Moreover, we will conclude that a sentence is substantively unreasonable only if it is "so 'shockingly high, shockingly low, or otherwise unsupportable as a matter of law' that allowing [it] to stand would 'damage the administration of justice.'" *Broxmeyer*, 699 F.3d at 289 (quoting *Rigas*, 583 F.3d at 123).

On appeal, Pompey contends that his 37-month sentence, at the bottom of the advisory Sentencing Guidelines range, is substantively unreasonable because the District Court allegedly "placed greater weight on Mr. Pompey's criminal category," and in doing so, "ignor[ed] that under New York's current offense classification rubric, Mr. Pompey's Criminal History Category would be II, not III." Def. Br. 4.

Under the circumstances, we are not persuaded that Pompey's bottom-of-Guidelines sentence of 37 months was substantively unreasonable. First, the District Court considered defense counsel's arguments, App'x 25, and the District Court noted that the youthful offender adjudication must be looked at through "the prism of a 16-year-old," *id.* at 32. Second, the District Court did not mechanically impose an advisory Guidelines sentence, but rather carefully reflected on the specific acts within Pompey's criminal record. *See, e.g., id.* (noting that "even when he was let out of prison after the two-year sentence, he . . . cut off an ankle bracelet. Those things are very concerning to me"); *id.* at 33 ("I look at the arrests for what I consider to be very serious harassing behavior."). Because the relative weight to afford to aggravating and mitigating factors is "firmly committed" to a district court's discretion and our role is limited to assessing if "a factor 'can bear the weight assigned it under the totality of the circumstances in the case,'" *Broxmeyer*, 699 F.3d at 289 (quoting *Cavera*, 550 F.3d at 191), we reject Pompey's argument that his sentence was substantively unreasonable.

### III.    Conclusion

We have reviewed the remaining arguments raised by Pompey on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3