22-1517-cr (L)
*United States v. Thornton*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of September, two thousand twenty-three.

PRESENT: JOHN M. WALKER, JR.,
DENNY CHIN,
ALISON J. NATHAN,
*Circuit Judges.*

———————————————————————

UNITED STATES OF AMERICA,
*Appellee,*

v.

22-1517-cr (L),
22-1518-cr (CON)

BRIANA GARLAND,
*Defendant,*

REGINALD THORNTON,
*Defendant-Appellant.*

———————————————————————

FOR DEFENDANT-APPELLANT:  MOLLY K. CORBETT, Assistant Federal Public Defender, *for* Lisa A. Peebles, Federal Public Defender for the Northern District of New York, Albany, NY.

FOR APPELLEE:  CARINA H. SCHOENBERGER (Joshua R. Rosenthal, *on the brief*), Assistant United States Attorneys, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

While serving a state prison sentence, Reginald Thornton conspired with two others to defraud the State of New York of $31,276 in unemployment and pandemic relief funds. Thornton pled guilty to two counts of mail fraud and one count of aggravated identity theft and was sentenced to 51 months' federal imprisonment consecutive to any state sentence (Suddaby, *J.*). On appeal, Thornton asserts that the district court's sentence was procedurally and

2

substantively unreasonable. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision.

## I. Background

Thornton is currently serving a nine-year prison sentence in the New York State correctional system for drug-related offenses. In 2020, while serving that sentence at Bare Hill Correctional Facility, Thornton participated in two mail fraud conspiracies that involved falsely claiming eligibility for state and federal pandemic-related unemployment funds. Pursuant to a plea agreement, he pled guilty to two counts of conspiracy to commit mail fraud and one count of aggravated identity theft.

At sentencing, the district court adopted the presentence report's Guidelines calculations, to which neither party objected. The Guidelines range for each of the two conspiracy counts was 21 to 27 months. The Guidelines sentence for the identity theft count was the statutory minimum of 24 months consecutive to any other sentence. *See* 18 U.S.C. § 1028A(a)(1), (b)(2). After considering the plea agreement, the parties' submissions, the Guidelines, and the 18 U.S.C. § 3553(a) sentencing factors, the district court sentenced Thornton to 27 months'

3

imprisonment for each of the two mail fraud counts, to be served concurrently, and the mandatory minimum of 24 months' imprisonment for the aggravated identity theft count, to be served consecutively. The total prison term thus came to 51 months, which the district court concluded should be served consecutively to Thornton's state sentence. The district court reasoned that the sentence was necessary upon its review of the record and consideration of the § 3553(a) factors, especially because the instant offenses "represent[ed] the defendant's eighth and ninth and tenth felony conviction[s]" and because of "[t]he audacity, the outrageousness, quite frankly, of serving a sentence in a state facility and still committing crimes. . . ." App'x 108–09.

Thornton timely appealed, challenging the procedural and substantive reasonableness of his sentence.

## II.  Discussion

"We review the procedural and substantive reasonableness of a sentence under a deferential abuse-of-discretion standard," which "incorporates *de novo* review of questions of law, including our interpretation of the Guidelines, and clear error review of questions of fact." *United States v. Yilmaz*, 910 F.3d 686, 688 (2d Cir. 2018).

However, we review procedural sentencing challenges not raised in the district court for plain error. *United States v. Verkhoglyad*, 516 F.3d 122, 128 (2d Cir. 2008). To demonstrate plain error, an appellant must show that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights . . . ; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (cleaned up).

### a. Procedural Reasonableness

A sentence is procedurally unreasonable if the district court "fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013) (citation omitted). Thornton argues that his sentence is procedurally unreasonable because the district court both failed to consider Thornton's history and characteristics as required by § 3553(a)(1), and also treated the Guidelines as mandatory in its decision to run Thornton's federal and state sentences consecutively. Because Thornton did not raise these arguments in the district

5

court, plain error review applies. We conclude that neither of Thornton's arguments demonstrates plain error.

First, we are unpersuaded by Thornton's claim that the district court failed to properly consider the § 3553(a) factors. At sentencing, the district court stated that it had considered the factors, and it demonstrated a deep knowledge of Thornton's history and characteristics.

Second, the district court's decision to impose a sentence consecutive to Thornton's state sentence did not involve plain error. By statute, "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively. . . ." 18 U.S.C. § 3584(a). However, the Guidelines recommend that an offense committed while imprisoned should be sentenced consecutively to the undischarged term of imprisonment. U.S.S.G. § 5G1.3(a). Thornton argues that because the district court did not mention 18 U.S.C. § 3584(a) during sentencing, it must not have recognized that it had discretion to depart from the Guidelines' recommendation of a consecutive sentence and treated that recommendation as mandatory. Appellant's Br. at 26-27. This argument lacks merit. In determining whether to impose a consecutive or concurrent sentence,

6

trial judges can and should consider the Sentencing Guidelines, among other factors. 18 U.SC. §§ 3584(b); 3553(a)(4). It was proper for the district court to consult the Guidelines, and there is no record evidence that the district court believed them to be mandatory. Rather, the district court agreed with the reasoning of the Guidelines, explaining that the sentence would be consecutive because Thornton committed his offense while already imprisoned. App'x 109-10. We therefore have no reason to depart from our ordinary "presum[ption] . . . that [the] sentencing judge has faithfully discharged her duty to consider the statutory factors." *United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007).

### b. Substantive Reasonableness

Sentences are substantively unreasonable only if they are "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (cleaned up). Thornton argues that the district court relied too heavily on his criminal history and the fact that he committed the offense while incarcerated, and that it should have put more weight on his youth and lack of support systems. This argument is unavailing.

7

In reviewing a sentence for substantive reasonableness, "we do not consider what weight we would ourselves have given a particular factor," but rather "consider whether the factor, as explained by the district court, can bear the weight assigned it under the totality of circumstances in the case." *United States v. Cavera*, 550 F.3d 180, 191 (2d Cir. 2008) (en banc). Notwithstanding Thornton's arguments, we see no reason why the factors the district court considered cannot "bear the weight" assigned to them here. It was reasonable for the district court to balance the aggravating and mitigating factors as it did. Further, Thornton's sentence falls within the Guidelines range. Although a Guidelines sentence is not presumptively reasonable, *see id.* at 190, it is reasonable in the "overwhelming majority of cases," *United States v. Watkins*, 667 F.3d 254, 261 (2d Cir. 2012) (citation omitted). This case is no exception.

* * *

We have considered Thornton's remaining arguments and find them to be without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8