United States v. Fernandini

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of June, two thousand sixteen.

PRESENT: AMALYA L. KEARSE,
        RALPH K. WINTER,
        DENNIS JACOBS,
                <u>Circuit Judges.</u>

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
      <u>Appellee</u>,

      **-v.-**                   14-2203

LEVIT FERNANDINI,
      <u>Defendant-Appellant</u>.

- - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **FOR APPELLANT:** | Bruce R. Bryan, Syracuse, NY. |
| **FOR APPELLEE:** | Jessica A. Masella, David W. Denton, Jr., Anna M. Skotko, Assistant United States Attorneys, <u>for</u> Preet Bharara, |

1

United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Crotty, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED** in part and **REMANDED** in part.

Levit Fernandini appeals from the judgment of the United States District Court for the Southern District of New York (Crotty, J.) convicting him of (i) conspiracy to traffic narcotics, (ii) using a firearm to commit murder during and in furtherance of the narcotics trafficking conspiracy, and (iii) discharging a firearm during and in furtherance of the narcotics trafficking conspiracy. Fernandini was sentenced principally to life imprisonment, which Fernandini challenges as unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

1. Our review of the substantive reasonableness of a sentence is "particularly deferential": we will set aside sentences as substantively unreasonable "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions"; that is, if the sentence "shock[s] the conscience," if it "constitutes a manifest injustice," or if "allowing [it] to stand would damage the administration of justice." United States v. Aldeen, 792 F.3d 247, 255 (2d Cir. 2015) (internal quotation marks omitted).

The district court had sound reasons for imposing a guidelines sentence of life imprisonment. Fernandini was the leader of a notorious and ruthless gang for nearly a decade. As gang leader, he significantly increased the quantity of narcotics the organization imported and enforced the organization's territory with violence, including killing or ordering the killing of rival gang members. The district court had wide latitude to impose a sentence within the guidelines range for Fernandini's heinous conduct, notwithstanding the

abuse he suffered as a child and the efforts he has made in prison at rehabilitation.  A sentence of life imprisonment does not create an unwarranted sentencing disparity with Fernandini's co-defendants; he was the leader who reshaped the gang into a large-scale narcotics trafficking outfit that protected its territory with lethal force.

**2.**  We review a sentence for procedural reasonableness under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007).  That means a district court's application of the Sentencing Guidelines is reviewed de novo and its factual findings are reviewed for clear error. United States v. Cossey, 632 F.3d 82, 86 (2d Cir. 2011).  A sentence is procedurally unreasonable if the district court "fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." Aldeen, 792 F.3d at 251 (quoting United States v. Chu, 714 F.3d 742, 746 (2d Cir. 2013)).

Fernandini fails to establish that the district court committed any procedural error.  The district adequately explained the basis for its factual findings, made after a hearing pursuant to United States v. Fatico, 603 F.2d 1053 (2d Cir. 1979), and we see no clear error in those findings.  Similarly, the district court properly calculated Fernandini's offense level as 49 before applying an acceptance of responsibility reduction, rather than capping it at the highest offense level listed in the Sentencing Guidelines table (43) before reducing it.  See United States v. Caceda, 990 F.2d 707, 709-10 (2d Cir. 1993).  Finally, Fernandini's plea allocution and the Fatico hearing furnished sufficient evidence to support application of the sentencing guideline for first degree murder rather than second degree murder.

**3.**  Fernandini argues for the first time on appeal that his guilty plea was factually insufficient.  We review this claim for plain error: there must be error, the error must be obvious, affect the defendant's substantial rights, and seriously affect the fairness and integrity of the judicial proceeding. See, e.g., United States v. Garcia, 587 F.3d 509, 515 (2d Cir. 2009).

3

Fernandini cannot identify any error, let alone a plain one, because there was an adequate factual basis for his plea. The district court's factual findings at the Fatico hearing and Fernandini's own plea allocution establish that there was a sufficient basis for Fernandini to plead guilty to the count charging him with committing murder in furtherance of the drug trafficking conspiracy.

**4.** Fernandini pleaded guilty to and was sentenced for using a firearm to commit murder during and in furtherance of the narcotics trafficking conspiracy, in violation of 18 U.S.C. § 924(j), and discharging a firearm during and in furtherance of the narcotics trafficking conspiracy, in violation of 18 U.S.C. § 924(c). Fernandini asks that his § 924(c) conviction be vacated as a lesser included offense of his § 924(j) conviction. Because the government represented below that Fernandini would not be sentenced on the § 924(c) count and the district court imposed a life sentence of imprisonment on the § 924(j) count, the government consents to vacatur of Fernandini's § 924(c) conviction. Accordingly, we remand with instructions that the district court vacate the conviction and sentence as to the § 924(c) count.

Accordingly, and finding no merit in Fernandini's other arguments, we hereby **AFFIRM** in part and **REMAND** in part the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4