United States v. Mumuni

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of June, two thousand sixteen.

PRESENT: DENNIS JACOBS,
         GUIDO CALABRESI,
         REENA RAGGI,
                    **Circuit Judges.**

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
         **Appellee,**

         **-v.-**                                15-1842

JIBRILLA MUMUNI,
         **Defendant-Appellant.**

- - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**           MARK S. DeMARCO, Bronx, NY.

**FOR APPELLEE:**            BRENDAN F. QUIGLEY (Rahul Mukhi,
                            Anna M. Skotko, on the brief),
                            Assistant United States Attorney,
                            for Preet Bharara, United States

Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (McMahon, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Jibrilla Mumuni appeals from the judgment of the United States District Court for the Southern District of New York (McMahon, J.) convicting him of conspiracy to distribute and possess with intent to distribute a kilogram or more of heroin. Mumuni was sentenced principally to 71 months' imprisonment. Mumuni challenges: (i) the jury instructions, (ii) the sufficiency of the evidence supporting his conviction, and (iii) the reasonableness of his sentence. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.** A defendant seeking vacatur based on an erroneous jury instruction must demonstrate both error and prejudice. United States v. Quinones, 511 F.3d 289, 313 (2d Cir. 2007). We review de novo challenges to jury instructions and we will reverse "only where the charge, viewed as a whole, either failed to inform the jury adequately of the law or misled the jury about the correct legal rule." Id. at 314 (internal citation and quotation marks omitted).

In United States v. Gaines, 457 F.3d 238 (2d Cir. 2006), and United States v. Brutus, 505 F.3d 80 (2d Cir. 2007), we held that a district court cannot instruct a jury that a defendant's interest in the outcome of the case creates a motive to testify falsely. Brutus, 505 F.3d at 87; Gaines, 457 F.3d at 247. We further held that a district court could, however, charge jurors that a testifying criminal defendant does not assume any burden of proof and they should evaluate the testimony of a testifying defendant just as they would any interested witness. Brutus, 505 F.3d at 88 n.7; Gaines, 457 F.3d at 249 n.9.

Mumuni asserts that the district court erroneously charged the jury to evaluate his testimony like that of any other witness

who had an interest in the outcome of the case.  The district court's charge closely adhered to the charge we explicitly approved in Gaines and Brutus.  It informed the jurors that they should treat Mumuni's testimony just as they would that of any interested witness, and that Mumuni took on no burden of proof by testifying.  Critically, the district court did not instruct the jury that Mumuni, as an interested witness, had a motive to testify falsely.  Accordingly, the challenged jury instruction was not erroneous.

**2.**  A defendant challenging the sufficiency of the evidence underlying his conviction at trial "bears a heavy burden" because our standard of review is "exceedingly deferential": we "must view the evidence in the light most favorable to the government, crediting every inference that could have been drawn in the government's favor," and will uphold the judgment if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  United States v. Coplan, 703 F.3d 46, 62 (2d Cir. 2012) (internal citations and quotation marks omitted).

The evidence presented at trial supports Mumuni's conviction of conspiracy to distribute over a kilogram of heroin.  An accomplice testified that Mumuni sold him heroin on two occasions, each of which was recorded and photographed by law enforcement agents, and Mumuni had extensive contacts with others involved in the drug trafficking conspiracy.  We will not disturb the jury's finding on grounds that the cooperator was not credible, United States v. Glenn, 312 F.3d 58, 64 (2d Cir. 2002), or that Mumuni and his co-defendant were acquitted on other counts, United States v. Acosta, 17 F.3d 538, 546 (2d Cir. 1994).

**3.**  We review a sentence for procedural reasonableness under a "deferential abuse-of-discretion standard."  Gall v. United States, 552 U.S. 38, 41 (2007).  That means a district court's application of the Sentencing Guidelines is reviewed de novo and its factual findings are reviewed for clear error.  United States v. Cossey, 632 F.3d 82, 86 (2d Cir. 2011).  A sentence is procedurally unreasonable if the district court "fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as

mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." United States v. Aldeen, 792 F.3d 247, 251 (2d Cir. 2015) (quoting United States v. Chu, 714 F.3d 742, 746 (2d Cir. 2013)).

Mumuni fails to demonstrate any procedural error. In calculating Mumumi's sentencing guidelines, the district court applied a two-point enhancement for obstruction of justice because it determined that Mumuni willfully had perjured himself at trial with respect to a material matter. This finding, which is not clearly erroneous, is a sufficient basis for applying the obstruction of justice enhancement. United States v. Salim, 549 F.3d 67, 73 (2d Cir. 2008).

Accordingly, and finding no merit in Mumuni's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4