United States v. Nikomarova

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand sixteen.

PRESENT: DENNIS JACOBS,
        REENA RAGGI,
        DENNY CHIN,
                **Circuit Judges.**

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
        **Appellee,**

        -v.-                          15-2639

GALA NIKOMAROVA,
        **Defendant-Appellant.**

- - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**        LOUIS R. AIDALA, New York, NY.

**FOR APPELLEE:**        KARL METZNER (Daniel C. Richenthal and Michael A. Levy, on the brief), Assistant United States Attorney, for Preet Bharara, United States

1

Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Gala Nikomarova appeals from the judgment of the United States District Court for the Southern District of New York (Forrest, J.) convicting her of (i) conspiracy to commit health care and mail fraud, (ii) health care fraud, and (iii) bribery. Nikomarova was sentenced principally to 18 months' imprisonment, which Nikomarova challenges as unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.** Our review of the substantive reasonableness of a sentence is "particularly deferential": we will set aside sentences as substantively unreasonable "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions"; that is, if the sentence "shocks the conscience," if it "constitutes a manifest injustice," or if "allowing [it] to stand would damage the administration of justice." United States v. Aldeen, 792 F.3d 247, 255 (2d Cir. 2015) (internal quotation marks omitted).

The district court had sound reasons for imposing a custodial sentence of 18 months. Nikomarova was a significant player in a years-long health care fraud that defrauded the public of over $1 million. True, she cooperated with the government and provided substantial assistance, for which she received a 5K1.1 letter, but the weight to give this cooperation, which consisted largely of assisting the government in prosecuting her own clients, was a matter committed to the district court's sound discretion. Nikomarova's resulting sentence of 18 months' imprisonment – nearly six years below the bottom of her guidelines range – was not outside the broad range of reasonable sentences available to the district court in such circumstances. Thus, her substantive unreasonableness claim fails on the merits.

**2.** We review a sentence for procedural reasonableness under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). That means a district court's application of the Sentencing Guidelines is reviewed de novo and its factual findings are reviewed for clear error. United States v. Cossey, 632 F.3d 82, 86 (2d Cir. 2011). A sentence is procedurally unreasonable if the district court "fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." Aldeen, 792 F.3d at 251 (quoting United States v. Chu, 714 F.3d 742, 746 (2d Cir. 2013)).

Nikomarova fails to demonstrate any procedural error. The district court clearly stated that it considered the government's 5K1.1 letter and Nikomarova's substantial assistance in concluding that a below-guidelines sentence of 18 months' imprisonment was sufficient but not greater than necessary.

Accordingly, and finding no merit in Nikomarova's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK