23-7677-cr
*United States v. Macko*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of October, two thousand twenty-four.

PRESENT:
RICHARD C. WESLEY,
DENNY CHIN,
MARIA ARAÚJO KAHN,
*Circuit Judges.*

———————————————————————————

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                          23-7677

JAMES MACKO,

*Defendant-Appellant.*

———————————————————————————

FOR DEFENDANT-APPELLANT:                James P. Egan, Office of the Federal
                                                                    Public Defender, Syracuse, NY.

FOR APPELLEE:                                    Joshua Rothenberg, Benjamin Clark, Assistant United States Attorneys, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from the November 2, 2023 judgment of the United States District Court for the Northern District of New York (Anne M. Nardacci, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on November 2, 2023, is **AFFIRMED**.

Defendant-Appellant James Macko ("Macko") appeals from the district court's judgment of conviction following his guilty plea to one count of attempted coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b). Macko's conviction stems from his communications—and, eventually, plans to engage in sexual conduct—with law enforcement officers posing as a father and his preteen son. The district court sentenced Macko principally to 168 months' imprisonment. On appeal, Macko contends that his sentence is substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

Macko's substantive reasonableness claim is reviewed under a "deferential abuse-of-discretion standard."[1] *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc)

_____

[1] Macko failed to raise a substantive reasonableness challenge below, and "[w]e have not decided whether plain error review applies to an unpreserved challenge to the substantive

2

(quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). Under that standard, a district court errs where the sentence imposed "cannot be located within the range of permissible decisions." *United States v. Davis*, 82 F.4th 190, 199 (2d Cir. 2023) (quoting *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013) (per curiam)). That occurs when a sentence is "shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *Id.* at 200 (quoting *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)). Even though a within-Guidelines sentence is not *per se* reasonable, we have "recognize[d] that in the overwhelming majority of cases," a sentence that falls within the Guidelines will be comfortably "within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Ryan*, 806 F.3d 691, 695 (2d Cir. 2015) (quoting *United States v. Ingram*, 721 F.3d 35, 37 (2d Cir. 2013) (per curiam)).

Macko argues that his 168-month sentence—which fell at the very bottom of the applicable Guidelines range of 168 to 210 months' imprisonment—is substantively unreasonable because the district court placed undue weight on the danger Macko posed to children and society as a whole. Although Macko stipulated to the application of a sentencing enhancement for offenses involving a minor younger than twelve,[2] he asserts

---

reasonableness of a sentence." *United States v. Thavaraja*, 740 F.3d 253, 258 n.4 (2d Cir. 2014). We need not resolve this question here, however, as Macko's claim fails under either standard of review.

[2] Macko avers that, because law enforcement changed the preteen's age from twelve to eleven partway through its operation, his Guidelines range was artificially increased from 70 to 87 months' imprisonment to 168 to 210 months' imprisonment. That is not accurate. A violation

3

that his sentence does not properly account for his conduct and the unique circumstances of his case. We disagree.

"The particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (internal quotation marks and citation omitted). In conducting our reasonableness review, this Court does not contemplate what weight we would assign a given factor, but instead we assess whether the district court's reliance on a particular factor "can bear the weight assigned it under the totality of circumstances in the case." *Cavera*, 550 F.3d at 191. When reaching that determination, this Court must bear in mind that "facts may frequently point in different directions so that even experienced district judges may reasonably differ, not only in their findings of fact, but in the relative weight they accord competing circumstances." *Broxmeyer*, 699 F.3d at 289 (quoting *United States v. Jones*, 531 F.3d 163, 174 (2d Cir. 2008)). These reasonable differences result in a range of reasonable sentences, which "frequently extend[] well beyond the narrow ranges prescribed by the Guidelines." *Jones*, 531 F.3d at 174.

Here, the district court's assessment of the need to protect the public from Macko's

---

of § 2422(b) carries a mandatory minimum sentence of 120 months' imprisonment. *See* 18 U.S.C. § 2422(b). Thus, if the undercover officer had not changed the boy's supposed age and the sentencing enhancement was not applicable, Macko's Guidelines sentence would have been 120 months' imprisonment. *See* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").

future crimes can bear the weight assigned to it. *See Cavera*, 550 F.3d at 191. It is certainly true that Macko had no history of sex offenses against children, did not possess child pornography, and was not scouring the internet for children when he unwittingly contacted law enforcement. It also appears true that, at the time of law enforcement's operation, Macko was in the throes of a mental health crisis exacerbated by his longstanding battle with addiction. But these mitigating circumstances do not mean that the district court's assessment of Macko's future dangerousness cannot bear the weight assigned to it. *See id.* Macko repeatedly discussed getting an eleven-year-old boy intoxicated and raping him, and then arrived at their planned rendezvous with the supplies necessary to do exactly that. For approximately two weeks, Macko reiterated his sexual interest in the preteen, including by sharing photographs, videos, and lurid descriptions of the forcible acts he wished to perform on the boy.

As in many cases, there are facts here that point in different directions. *See Broxmeyer*, 699 F.3d at 289. Even if this Court might assign a different weight to a particular 18 U.S.C. § 3553(a) factor in the first instance, that is not the role of an appellate court in reviewing the reasonableness of a sentence. *See Thavaraja*, 740 F.3d at 260. In this case, the record demonstrates that the district court carefully considered the relevant factors—including Macko's mitigating circumstances—and did not assign undue weight to the need to protect the public from the risk of Macko's future crimes. For that reason, we also reject Macko's contention that his sentence is substantively unreasonable because

5

his conditions of supervised release "obviat[ed] the need for a lengthy sentence" of incarceration. Appellant Br. 21.

Moreover, as the district court pointed out and as Macko does not dispute, he "very enthusiastically[] affirmed his interest in the child" after learning the boy was eleven years old, and he "only took substantial steps towards the completion of the offense after [he was] told" that the boy was not yet twelve. App'x 149–50. Based on these facts, it was not unreasonable for the district court to conclude that the Guidelines range—including the stipulated-to sentencing enhancement—was apt, and that the low end of that range appropriately reflected the gravity of Macko's conduct.

Under this Court's deferential review, there is no basis to conclude that Macko's 168-month sentence is outside the range of permissible decisions. *See Davis*, 82 F.4th at 199. Accordingly, we reject his substantive reasonableness challenge and affirm the judgment of the district court.

* * *

We have considered Macko's remaining arguments and conclude that they are without merit. For the reasons set forth above, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6