24-5-cr
*United States v. Cepeda*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6ᵗʰ day of December, two thousand twenty-four.

Present:

> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> DENNIS JACOBS,
> STEVEN J. MENASHI,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee,*

v.                   24-5-cr

LUIS CEPEDA,

*Defendant-Appellant,**

---

| For Appellee: | BRENDAN KEEFE, Assistant United States Attorney (Conor M. Reardon *on the brief*), *on behalf of* Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, CT. |
|---|---|

---

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

For Defendant-Appellant:    J. PATTEN BROWN, III, Law Offices of Pat Brown, Avon, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Luis Cepeda ("Cepeda") appeals from the judgment of the United States District Court for the District of Connecticut (Hall, *J.*) entered on December 19, 2023, convicting him, upon a guilty plea, of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and sentencing him principally to 70 months' imprisonment and three years' supervised release.   In this appeal, Cepeda challenges both the procedural and substantive reasonableness of his sentence.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

This Court reviews sentences for "reasonableness, which 'requires an examination of the length of the sentence (substantive reasonableness) as well as the procedure employed in arriving at the sentence (procedural reasonableness).'"   *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013) (quoting *United States v. Johnson*, 567 F.3d 40, 51 (2d Cir. 2009)).

Turning first to Cepeda's procedural reasonableness challenge, "[a] sentence is procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence."   *United States v. Ramos*, 979 F.3d 994, 999 (2d Cir. 2020) (quoting *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020)).   The defendant's actions at the district court, however,

2

affect our review of the claim. When a defendant forfeits a claim by failing to timely raise the error in the district court, we retain the discretion to correct for plain error on appeal. *United States v. Yu-Leung*, 51 F.3d 1116, 1121 (2d Cir. 1995); *see also United States v. Spruill*, 808 F.3d 585, 596 (2d Cir. 2015) (citing Fed. R. Crim. P. 52(b)). But "no such discretion applies when there has been true waiver." *Spruill*, 808 F.3d at 596 (emphasis omitted). Instead, because "waiver is the 'intentional relinquishment or abandonment of a known right'" it "necessarily 'extinguishes' the claim altogether." *Yu-Leung*, 51 F.3d at 1121–22 (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)). Thus, "true 'waiver' . . . will negate even plain error review." *Id*. at 1122.

Here, Cepeda argues that his sentence is procedurally unreasonable because the district court relied on the drug quantity calculated in the Probation Department's Presentence Report ("PSR") to determine his Sentencing Guidelines advisory range. But the record below shows Cepeda was aware of and intentionally relinquished his right to contest the district court's adoption of the PSR drug quantity to calculate his sentence. Cepeda's sentencing memorandum submitted to the district court stated that he would "not be objecting to the Probation Officer's calculations" as to drug quantity because this issue was "not that important in light of counsel's arguments" made in the memorandum. App'x at 76 n.2. Furthermore, the district court noted at sentencing that Cepeda's memorandum indicated some disagreement on drug quantity and asked for any objections to the PSR's calculation of the applicable Guidelines range. Cepeda's counsel acknowledged that he had indicated some disagreement, but told the district court that he did "not intend to request or demand a *Fatico* hearing or present any evidence" regarding drug quantity and would instead "just not object to what's in the Presentence Report." App'x at 112.

Cepeda was thus aware of his right to object to the Probation Department's drug quantity calculations and made the tactical decision not to exercise it, focusing instead on other arguments. This Court typically precludes appellants from attempting to appeal the results of tactical decisions to forgo exercising a right, instead finding the claim waived. *See Yu-Leung*, 51 F.3d at 1123 (finding waiver when a party makes a "clear and conscious tactical decision" not to raise an objection); *United States v. Coonan*, 938 F.2d 1553, 1561 (2d Cir. 1991) (finding defendant "waived appellate review" of his claim when his appeal attempted "to evade the consequences of an unsuccessful tactical decision"). Here, given Cepeda's affirmative choice not to object, even when specifically prompted to do so by the district court, we have no difficulty concluding that Cepeda waived appellate review of this claim.

As to Cepeda's challenge to the substantive reasonableness of his sentence, "we apply a deferential abuse-of-discretion standard" on review.[1] *United States v. Solis*, 18 F.4th 395, 401 (2d Cir. 2021). This "review is intended to 'provide a backstop' against sentences that are 'shockingly high, shockingly low, or otherwise unsupportable as a matter of law.'" *United States v. Dorvee*, 616 F.3d 174, 183 (2d Cir. 2010) (quoting *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)). This Court "does not presume that a Guidelines sentence is necessarily substantively reasonable," but we have acknowledged "that conclusion is warranted 'in the overwhelming majority of cases.'" *United States v. Messina*, 806 F.3d 55, 66 (2d Cir. 2015) (quoting *United*

---

[1] While defense counsel did not object to the substantive reasonableness of the 70-month sentence before the district court, this Court has not yet decided "whether plain error review applies to an unpreserved challenge to the substantive reasonableness of a sentence." *United States v. Thavaraja*, 740 F.3d 253, 258 n.4 (2d Cir. 2014); *see also Watts v. United States*, No. 21-2925, 2023 WL 2910634, at *2 n.1 (2d Cir. Apr. 12, 2023) (summary order). We need not resolve that question here, however, because we reach the same result applying either potentially applicable standard.

*States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006)). Our review "focuses on a district court's explanation of its sentence in light of the factors contained in 18 U.S.C. 3553(a)." *United States v. DiMassa*, 117 F.4th 477, 482 (2d Cir. 2024) (quoting *United States v. Matta*, 777 F.3d 116, 124 (2d Cir. 2015)). We "consider whether [a sentencing] factor . . . can bear the weight assigned it under the totality of circumstances in the case." *United States v. Ceasar*, 10 F.4th 66, 79 (2d Cir. 2021) (alteration in original) (quoting *United States v. Cavera*, 550 F.3d 180, 191 (2d Cir. 2008) (*en banc*)). But on review, we merely "patrol the boundaries of reasonableness" rather than "consider how we might have weighed particular factors." *Id*. (quoting *United States v. Stewart*, 590 F.3d 93, 135 (2d Cir. 2009)).

Cepeda argues that his sentence was substantively unreasonable because the district court, in fashioning its sentence, relied in part on the potential for violence from drug crimes without evidence that Cepeda himself was involved in drug-related violence. We disagree. In explaining its reasoning for the sentence imposed, the district court noted that it considered drug distribution a serious offense due to the potential violence from such crimes. But it tempered this permissible consideration by acknowledging that the defendant had not been involved in violence or linked to a gun related to the charged conspiracy. And the district court went on to weigh a variety of other factors under the Sentencing Guidelines, including the nature and circumstances of the offense, the need to protect the public, and the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a)(1), (2)(C), (6). Ultimately, the district court emphasized that the primary driver of its sentencing decision was the recency of Cepeda's prior convictions for drug and gun related offenses, explaining that this demonstrated pattern of recidivism supported the imposition of a significant sentence to protect the public. And the result of the district court's careful review was a sentence at the bottom of the parties' agreed-upon advisory range of 70 to 87

5

months.   Thus, contrary to Cepeda's argument on appeal, the district court did not assign undue weight to the potential for violence stemming from Cepeda's crime.[2]   Cepeda's sentence was not substantively unreasonable but fell well within the scope of the district court's discretion.

\*     \*     \*

We have considered Cepeda's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Cepeda also contends the district court erred by giving weight to the government's argument, made at sentencing, that Cepeda returned cocaine purchased in a surveilled drug transaction because he was seeking more potent and dangerous cocaine.   Cepeda contends this argument is not supported by evidence. But the district court's thorough explanation of it reasoning does not even reference the government's argument.   Therefore, we need not address Cepeda's contention that the district court gave this argument undue weight, as we are permitted to rely on a district court's stated reasons for imposing a sentence on review.   *See United States v. Golomb*, 811 F.2d 787, 790 (2d Cir. 1987) (dismissing arguments that the district court improperly relied on prior arrests to impose the defendant's sentence where the "resentencing transcript does not support the defendant's contention that his sentence was in any way 'based' on these two arrests").